GIBBS & COX, INC., Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 86–3128.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1990.

Decided June 1, 1990.

Ann Gordon Greever (argued), Hill B. Wellford, Jr., on brief, Hunton & Williams, Richmond, Va., for petitioner.

David A. Fleischer (argued), Paul J. Spielberg, Deputy Asst. Gen. Counsel, on brief, N.L.R.B., Washington, D.C., for respondent.

---

Before RUSSELL, WIDENER, and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

This long-standing labor dispute is today resolved by our finding that the Marine Technicians Guild (the Union), represented in this action by the National Labor Relations Board (NLRB), is a defunct organization, and therefore Union grievances against the petitioner, Gibbs & Cox, Inc. (G & C), are moot.

## I.

The alleged unfair labor practice giving rise to this dispute occurred in August 1980, when G & C refused to continue to recognize the Union as the exclusive bargaining agent of certain technical and professional employees at its Arlington, Virginia, facility. The NLRB found in favor of the Union, holding, *inter alia*, that G & C had violated Section 8(a)(5) and (2) of the National Labor Relations Act by (1) withdrawing recognition from the Union as collective bargaining representative of its Arlington employees; (2) bargaining to impasse with the unit on its contention that Arlington employees be excluded from the bargaining unit; and (3) unilaterally granting Arlington employees wage increases and other benefits. *See* 280 NLRB 953, 955 (*Gibbs & Cox I*). In its decision, the panel found a *de facto* merging of the Arlington union and its sister union in New York, holding that the bargaining history of the Union evidenced an intent to merge the two locations into one bargaining unit. The panel held that by subordinating the self-determination rights of the Arlington group, the goal of industrial stability was well served.

While these contentions were being litigated, G & C investigated allegations that the Union was working to coerce G & C employees in Arlington and Newport News, Virginia, into joining the Union by offering an extremely attractive medical insurance package. Ultimately, G & C filed a complaint with the NLRB alleging that the Union was in violation of the Virginia right to work statute when it refused to enroll non-member employees in the medical plan until they agreed to join the Union. It was also alleged by G & C that the Union attempted to impose surcharges on non-member Virginia employees and then refused to provide G & C with pre-union cost information. This matter was ultimately settled when the Union agreed not to discriminate against non-members, to return fees assessed against non-members, and to forward to G & C premium information.

When the Union finally forwarded the requested premium cost information, G & C uncovered what it believed to be a fraudulent scheme whereby the Union had been overcharging G & C for the per capita medical program, concealing the surplus, and diverting the funds to provide for insurance coverage for New York member employees. As a result, G & C ceased contributing to the Union-sponsored plan and placed employees on a medical plan that already covered the company's management, professional staff and clerical employees.

This action by G & C caused the Union to file again a grievance with the NLRB (*Gibbs & Cox II*). After a hearing, the NLRB found that the Union had violated several federal labor and fringe benefits statutes. In his opinion, the Administrative Law Judge recommended that the NLRB conduct a special hearing to determine the legality of the Union activity and its viability in light of such conduct. This opinion, filed August 15, 1985, was then appealed. On January 31, 1989, a three-member panel of the NLRB issued a decision in which it found the actions of the company to be lawful and that it was not necessary to reach the question of Union misconduct. *See* 292 NLRB 78.

The resolution of both *Gibbs & Cox I* and *Gibbs & Cox II* makes ripe for our consideration the single question of whether the Arlington Union should be granted the right of self-determination.

Our review of the record persuades us that both the Arlington unit and the Marine Technicians Guild as a whole are now defunct, and the case before us presents no

true controversy. "A representative is defunct ... if it is unable or unwilling to represent the employees. However, mere temporary inability to function does not constitute defunctness; nor is the loss of all members in the unit the equivalent of defunctness if the representative otherwise continues in existence and is willing and able to represent the employees." *Hershey Chocolate Corp.*, 121 NLRB 901 (1958); *see also The Kent Corporation*, 272 NLRB 115 (1984). We hold that the Union is now, and long has been, unable to represent its employees. Since 1981, the Union has made no attempt to function as a representative of G & C employees, and there is no collective bargaining agreement in force; there have been no general membership meetings since 1981; there has been no recorded drive to recruit new members since 1982; the Union has not asserted a grievance on behalf of any member in the last nine years; the Union does not represent any employees of any other company; the Union has no office; the Union has no bank account; the Union currently has but two members, receiving annual dues totalling $110.00, and is over $21,000 in debt.

From these facts there can be no other conclusion but that the Union is defunct, as defined by controlling case law. Even were it today willing, the Union is functionally unable to represent employees on any basis and therefore is a defunct organization. The action before us is dismissed as moot.*

DISMISSED.

---

*  The petitioner filed a motion to dismiss the cross-application. In light of our holding of mootness, that motion is similarly dismissed as moot.